```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

JOSSYE I. JIRAU,

       Plaintiff,

v.                          CASE NO: 8:11-cv-73-T-33MAP

CAMDEN DEVELOPMENT, INC.,

       Defendant.

_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Strike or Dismiss Affirmative Defenses and Claim for Attorneys' Fees and Costs, or in the Alternative, Motion for More Definite Statement (Doc. # 10), filed on March 9, 2011. Defendant filed a response in opposition thereto (Doc. # 13) on March 23, 2011. For the reasons that follow, the Court grants the Motion in part and denies it in part.

**I.  Background**

Plaintiff Jossye I. Jirau filed a three-count complaint against Defendant Camden Development on January 10, 2011, alleging unlawful retaliation under the Family and Medical Leave Act (FMLA), violation of the federal Pregnancy Discrimination Act (PDA) and gender discrimination in violation of Florida's Civil Rights Act. Camden filed an

answer and affirmative defenses (Doc. # 5) on February 1, 2011. Camden then filed its First Amended Answer (Doc. # 9) as a matter of course on February 18, 2011.

Jirau filed the Motion to Strike/Motion for More Definite Statement (Doc. # 10) on March 9, 2011.[1] Camden filed a response in opposition to the Motion (Doc. # 13) on March 23, 2011. The Motion is ripe for the Court's review.

## II. Analysis

Jirau seeks an order striking seventeen of Camden's twenty-one affirmative defenses, namely the second through eleventh, thirteenth through fifteenth, and seventeenth through twentieth. In addition, Jirau moves to strike Camden's prayer for attorneys' fees and costs. In the alternative, Jirau seeks an order requiring Camden to provide a more definite statement regarding the defenses pled.

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, a motion to strike is a

---

[1] The Motion was docketed as referring Camden's original Answer. However, a careful review of the Motion indicates that it correctly addresses the First Amended Answer.

drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Servs, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative defense "is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8: "A party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Rule 8 does not require the defendant to set forth detailed factual allegations. A defendant must simply give the plaintiff "fair notice" of the nature of each defense and the grounds upon which it rests. See Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010) (noting that the Eleventh Circuit stresses that the purpose of Rule 8(c) is to provide notice).

Jirau asserts various reasons to strike the affirmative defenses, including that they are not defenses, they are legal conclusions, they are not pled with sufficient specificity, they are frivolous, and they are designed to "oppress, annoy and harass." In response, Camden asserts, among other things, that Jirau's arguments lack legal support. Camden otherwise defends the affirmative defenses and prayer for attorneys' fees and submits that they should not be stricken.

### 1. Second, Sixth, Eighth, Eleventh, Fourteenth, Seventeenth, Nineteenth and Twentieth Affirmative Defenses

Jirau asserts that the second affirmative defense is a denial of causation and the sixth alleges deficiency of her complaint. These appear to be denials rather than affirmative

4

defenses. However, when a defendant "labels a specific denial as a defense . . . the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." FDIC v. Bristol Home Mortgage Lending, LLC, 2009 WL 2488302 at *3 (S.D. Fla. Aug. 13, 2009). Thus, insofar as these may not be valid affirmative defenses, they will be construed as denials and not stricken.

Similarly, the eighth affirmative defense appears to deny that Camden's conduct rose to such a level that punitive damages would be applicable, and the eleventh asserts that acts by Camden employees were outside the scope of their employment. Camden characterizes the fourteenth, seventeenth, nineteenth and twentieth affirmative defenses as applying to "Plaintiff's ability to recover damages." (Doc. # 13 at 7). Insofar as any of these may not be valid affirmative defenses, they will be construed as denials. Where they are merely statements of law, they still "serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 2008 WL 3200691, 6:08-cv-346-Orl-19DAB, at *1 (M.D. Fla. Aug. 6, 2008). Thus, these affirmative defenses will not be stricken.

### 2. Third, Fourth, Fifth, Seventh and Ninth Affirmative Defenses

These affirmative defenses assert, in some form or another, that Jirau made false representations and concealed facts concerning her medical leave, and/or failed to comply with Camden's policies and procedures, leading to defenses of consent, estoppel, waiver, impossibility and failure to perform a necessary condition precedent. Jirau contends, among other things, that these defenses are not pled with the specificity required under the "plausibility" pleading standard established in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).

District courts within the Eleventh Circuit disagree as to whether affirmative defenses must meet the plausibility pleading standard. However, case law better supports the view that the traditional pleading standard applies. In adopting the plausibility standard, the Supreme Court emphasized that a plaintiff must <u>show</u> that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A defendant, in contrast, need only <u>state</u> his defenses. "The quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement." <u>Floyd v. Suntrust Banks, Inc.</u>, 2011 WL 2441744

at *7 (N.D. Ga. June 13, 2011) (internal quotations and citations omitted).

The Court finds that Camden's affirmative defenses satisfy the pleading requirements of Rule 8, and that Jirau's other arguments are unavailing. Insofar as these affirmative defenses simply state facts in dispute, they sufficiently apprise Jirau of what Camden will argue, "which is all the Eleventh Circuit requires." Jackson, 269 F.R.D. at 663. Thus, these affirmative defenses will not be stricken.

### 3. Tenth Affirmative Defense and Prayer for Attorneys' Fees

Camden's tenth affirmative defense alleges that Jirau's suit is "frivolous," and on that ground alone Camden includes a prayer for attorneys' fees in its First Amended Answer. Jirau contends that this is not a valid affirmative defense, and the Court agrees.[2] The Court grants the Motion to Strike the tenth affirmative defense and prayer for attorneys' fees.

### 4. Thirteenth and Fifteenth Affirmative Defenses

Camden's thirteenth and fifteenth affirmative defenses raise defenses typically associated with tort law claims.

---

[2] In support of the tenth affirmative defense, Camden cites Miller v. Nelms, 966 So. 2d 437 (Fla. 2d DCA 2007). However, that case pertains to striking sham claims and is thus inapposite to the issue.

7

Jirau asserts that these are not valid defenses in this case. Camden contends that these defenses address Jirau's possible claims for emotional injury. (Doc. # 13 at 7). The Court finds these affirmative defenses raise potential issues of fact or law sufficient to survive a motion to strike. Insofar as they are not valid affirmative defenses, they will be construed as denials and not stricken.

### 5. Eighteenth Affirmative Defense

Camden's eighteenth affirmative defense states that Count I of Jirau's Complaint is barred because her employment was at-will. Jirau contends that the FMLA applies to at-will employees, and the Court agrees. Camden argues that this defense goes to Jirau's ability to recover damages. However, the Court remains unconvinced that the defense is legally sufficient. Therefore, the Court grants the Motion to Strike as to the eighteenth affirmative defense.

### B. Motion for More Definite Statement

Federal Rule of Civil Procedure 12 states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A plaintiff may

move for a more definite statement when an answer pleads an unintelligible defense. Exhibit Icons, LLC v. XP Cos., LLC, 609 F. Supp. 2d 1282, 1300 (2009).

Jirau asserts that the fourth, fifth, seventh, ninth and thirteenth affirmative defenses are not pled with sufficient specificity. From the Court's review of the fourth, fifth and ninth affirmative defenses, it appears that Camden asserts that Jirau made false representations and concealed facts concerning her medical leave, and/or failed to comply with Camden's policies and procedures. The Court finds that these affirmative defenses are not so vague or ambiguous as to require amendment. Furthermore, relief is not appropriate under Rule 12(e) for the seventh and thirteenth affirmative defenses because Jirau has not described any specific deficiency nor specified the detail that she needs. Therefore, the alternative Motion for More Definite Statement is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Jirau's Motion to Strike or Dismiss Affirmative Defenses and Claim for Attorneys' Fees and Costs (Doc. # 10) is **GRANTED** as to Camden's tenth and eighteenth affirmative defenses and prayer for attorneys' fees, and otherwise **DENIED**. The alternative Motion for More Definite Statement is **DENIED**.

9

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of July, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

10